COMPANY A, FIRST REGIMENT, NORTH DAKOTA NA-
TIONAL GUARD TRAINING SCHOOL, a Corporation, Ap-
pellant, v. THE STATE OF NORTH DAKOTA, C. B. Little,
Edmond A. Hughes, Mary H. Hughes, Dakota Motor Company,
a Corporation, H. P. Goddard, F. A. Copelin, Red Flame Pub-
lishing Company, a Corporation, Carl R. Kositzky, J. O. Hend-
ricks, A. M. Landgren, A. Pollock, and All Persons Unknown
Claiming any Estate or Interest in or Lien or Encumbrance upon
the Property Described in the Complaint, Respondents.

(227 N. W. 362.)

Opinion filed October 30, 1929.

*F. O. Hellstrom* and *Knauf & Knauf,* for appellant.

*James Morris,* Attorney General, and *Harold D. Shaft,* Assistant
Attorney General, for respondent State of North Dakota.

*Zuger & Tillotson,* for respondents C. B. Little, Edmond A. Hughes
and Mary H. Hughes.

PER CURIAM.  This is a sequel to Company A, First Regiment v.
State, ante, 66, 224 N. W. 661.  After the entry of judgment upon
the remittitur certain of the defendants filed an amended supplemental
answer, counterclaim and cross-bill, to which the plaintiff filed a reply.
The defendants demurred to the reply on the ground that the plaintiff
had not legal capacity to sue, reply or counterclaim in this suit and on
the further ground that the counterclaim and reply attempted to be

filed do not state facts sufficient to constitute any counterclaim or defense or reply herein. The district court sustained the demurrer and from its order the plaintiff appeals.

The plaintiff also made an application to the district court for leave to file an amended complaint. It is unnecessary to state at length the allegations in such amended complaint. It alleges many of the facts developed in the previous litigation and which are stated in Company A v. State et al., supra, and sets forth the claim that the plaintiff has an equitable interest in the property and in the outstanding uncollected rents and profits accrued since October, 1917, and asks to be restored to the possession, use, benefit, rents and profits of the premises and to recover damages. From the order denying the application to file the amended complaint, the plaintiff appeals.

Addressing ourselves to the order sustaining the demurrer of the defendants to the reply of the plaintiff, it is only necessary to refer briefly to the former decision of this court. After reviewing the facts developed upon the trial and considering at length the statutory provisions upon which the rights of the parties to the litigation largely depended, particularly those springing from the execution of a mortgage to secure the state for moneys appropriated for the building of armories, this court said (page 665 of the Northwestern Reporter):

"Hence, after this transaction and so long as the mortgage should remain a live mortgage to the state, the training school corporation and its members are estopped as against the state to assert any proprietary interest in the property. It or they no longer had power to control or supervise such property, as the control and supervision under the law is expressly placed in the military organization. It follows from this that all transactions subsequently had with the training school corporation, its officers or members, during the life of the mortgage to the state, had no effect upon the rights of the military organization, for which during this whole period the state has virtually held the legal title to the property in trust. This company is not a party to this proceeding. It follows further that the training school corporation has no interest in the property in question nor in this controversy, and the action is therefore dismissed as to it."

This was a determination by this court on the merits after a full hearing. The court went on to point out, however, that the action it-

self was not dismissed but remained pending for the purpose of adjusting the equities as between the defendants and giving recognition to the rights of the militia company as distinguished from those of the civil training school corporation. This action being dismissed as tᵒ the training school corporation, it obviously has no standing in the proceedings to reply to any additional pleading. Hence, the demurrer was properly sustained.

While the order denying the application to file an amended complaint is not appealable, it would necessarily follow from what has been said that the order of the trial court in this respect was correct. The orders appealed from are affirmed.

BIRDZELL, CHRISTIANSON, and BURR, JJ., and ENGLERT and KNEESHAW, Dist. JJ., concur.

BURKE, Ch. J., and NUESSLE, J., being disqualified, did not participate; Honorable W. J. KNEESHAW, Judge of the Second Judicial District, and Honorable M. J. ENGLERT, Judge of the First Judicial District, sitting in their stead.